IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KAMYAR SAREMISHAHAB,**

    Petitioner,

v.                                                                        Case No. 2:25-cv-00756-WJ-JMR

**DORA CASTRO,** Warden, Otero County Processing Center;
**MARY DE ANDA-YBARRA,** Director,
El Paso Field Office,
U.S. Immigration and Customs Enforcement;
**KRISTI NOEM,** Secretary of the
U.S. Department of Homeland Security; and
**PAM BONDI,**
Attorney General of the United States,
in their official capacities

    Respondents.

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO UNSEAL DOCKET AND DIRECTING RESPONDENTS TO SHOW CAUSE WHY DEFAULT SHOULD NOT BE ENTERED AGAINST THEM

THIS MATTER is before the Court upon Petitioner's Motion to Unseal Docket **[Doc. 16]** and Emergency Motion for Ruling under 28 U.S.C. § 2243. **[Doc. 23]**. Petitioner, an Iranian national and asylum seeker, filed a Petition for Habeas Corpus **[Doc. 1]** and an Amended Petition **[Doc. 16]** ("the Petition") pursuant to 28 U.S.C. § 2241 with this Court on August 8, 2025, and October 8, 2025. The Petition alleges that Petitioner was detained by U.S. Immigration and Customs Enforcement (ICE) without lawful justification and requests his immediate release from ICE custody. On October 22, 2025, this Court entered a sealed Order **[Doc. 15]** directing Respondents to show cause within 45 days of proper service of the Petition why the requested relief should not be granted. It is now December 16, 2025, Petitioner remains in ICE custody, and Respondents have yet to appear or defend in this matter.

First, Petitioner seeks an "immediate ruling" granting his pending habeas petition pursuant to 28 U.S.C. § 2243, or alternatively, a default judgment, asserting that he is entitled to relief in light of Respondents' failure to appear or defend in this matter. **[Doc. 23]**. Petitioner also asserts that an asylum merits hearing set for December 10, 2025, may moot, or have already mooted this Court's jurisdiction in the event that the immigration judge denies relief and orders Petitioner removed. Yet, nothing in the record before this Court indicates that Petitioner has been ordered removed, and a review of the status of Petitioner's immigration proceedings indicates that Petitioner has an individual hearing scheduled on January 12, 2026.[1] It therefore seems unlikely Petitioner has been or will be subject to removal prior to January 12, 2026. The jurisdictional concern alone therefore does not compel a default ruling in Petitioner's favor at this time.

However, pursuant to this Court's October 22, 2025, Order, Respondents were instructed to show cause why the relief sought in the Petition and the Amended Petition should not be granted "**no later than 45 days after proper service by Petitioner**." **[Doc. 15]**. Petitioner has submitted evidence that Respondents were properly served on or about October 14, 2025. **[See Doc. 17 & Exh. B]**.[2] As of December 16, 2025, Respondents have failed to appear in this case, let alone respond, or file an extension of time to respond, to the Amended Petition. Accordingly, pursuant to this Court's October 22, 2025, Order directing Respondents to show cause no later than 45 days after proper service by Petitioner, Respondents **shall show cause why the Clerk of Court should not enter default against Respondents for failure to appear within the deadline imposed by**

---

[1] "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000). Petitioner's A-Number is of record in this matter, allowing access to the status of Petitioner's case via the EOIR case status tracker, a public website, https://acis.eoir.justice.gov/en/caseInformation (Dec. 15, 2025).

[2] The record reflects that on October 8, 2025, Petitioner sent a copy of the Amended Petition **[Doc. 13]** to Respondents via certified mail. A USPS certified mail receipt shows delivery to the United States Attorney's Office, Civil Process Clerk, on October 14, 2025. **[Doc. 17, Exh. B]**. This sufficiently demonstrates that all Respondents were properly served with the Amended Petition on or around October 14, 2025.

2

**this Court.** *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). Respondents are ordered to do so **<u>NO LATER THAN 14 DAYS</u> from the date of entry of this Order**.

Second, Petitioner requests that the Court unseal the docket in this action. **[Doc. 16]**. As Respondents have yet to appear or defend in the case, there is no opposition to the motion. Petitioner is the party who requested sealing of the docket in this matter. Specifically, Petitioner requested that "the habeas petition, exhibits, and all related filings that identify the Petitioner by name or discuss the substance of his asylum claim, religious conversion, or government targeting" be maintained under seal due to concerns surrounding "privacy, safety, and the need to preserve the integrity of immigration proceedings." **[Doc. 2]**. The Court granted the request, **[Doc. 5]**, upon a finding that the potential privacy and safety risks to Petitioner posed by the disclosure of information identifying the Petitioner and the status of his immigration proceedings outweighed the presumption of public access to judicial records. In support of his now opposing position, Petitioner cites to the strong presumption in favor of public access to judicial proceedings and records and argues that the privacy risk that initially appeared present is now lessened given the proliferation of habeas petitions filed by immigration detainees in federal district court. **[Doc. 16]**.

There is a strong presumption in favor of the public's access to court records and proceedings. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 602 (1978); *United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013). Nevertheless, a movant may show that maintaining the confidentiality of court records is warranted if there is "some significant interest that outweighs

the presumption" of public access. *Pickard*, 733 F.3d at 1300 (quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)). The potential privacy and safety concerns of individuals seeking immigration-related relief may in certain circumstances constitute such a "significant interest." At this moment in time, however, the Court tends to agree with Petitioner that the numerosity of habeas proceedings arising from immigration detention in the United States decreases the risk of undue attention on any one case, including Petitioner's. Given that Petitioner — who, as the movant, has the burden of demonstrating the necessity of confidentiality — now himself argues that confidentiality is no longer required, the Court finds that the Motion to Unseal Docket should be granted.

The Court hereby orders:

- The Clerk of Court is to unseal any prior court-issued filings and to place any future filings in this matter on the public docket.

- In accordance with Fed. R. Civ. P. 5.2(d), Petitioner is to file via CM/ECF unsealed, redacted versions of the pleadings [Docs. 1, 2, 3, 6, 8, 9, 10, 11, 12, 13, 14, 16, 17] previously filed under seal in this action.

- Respondents shall **show cause NO LATER THAN 14 DAYS from the date of this Order why default pursuant to Fed. R. Civ. P. 55(a) should not be entered against them.**

***

The Clerk of Court is to place a copy of this Memorandum Opinion and Order in the U.S. Attorney's drop box in the Clerk's Office.

**It is SO ORDERED.**

4

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

5