IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KAMYAR SAREMISHAHAB,**

    Petitioner,

v.                                                          Case No. 2:25-cv-00756-WJ-JMR

**DORA CASTRO,** Warden, Otero County Processing Center;
**MARY DE ANDA-YBARRA,** Director,
El Paso Field Office,
U.S. Immigration and Customs Enforcement;
**KRISTI NOEM,** Secretary of the
U.S. Department of Homeland Security; and
**PAM BONDI,**
Attorney General of the United States,
in their official capacities.

## AMENDED ORDER FOR A RESPONSE TO SUPPLEMENTAL FACTS

THIS MATTER is before the Court upon Petitioner's Notice of Supplemental Facts **[Doc. 44]** and the Petition for Habeas Corpus, which remains pending. **[Doc. 1]**. The Court has been advised of a material change in the status of Petitioner's immigration proceedings.

The record reflects that on January 23, 2026, an immigration judge granted Petitioner's application for asylum, and in the alternative, ordered withholding from removal. **[Doc. 44-1 at 2–3]**. In light of that determination, it appears that Petitioner is no longer subject to removal proceedings within the meaning of the Immigration and Nationality Act provisions authorizing pre-removal order detention. *See* 8 U.S.C. §§ 1225, 1226.

Section 1226(a) authorizes detention only "pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). Once asylum (or withholding of removal) has been granted, that decision has been resolved in the noncitizen's favor. Nor does any other detention provision of the INA appear to supply authority for continued detention in the

absence of a final order of removal or applicable mandatory detention predicate.

Accordingly, based on the present record, immigration detention may no longer be statutorily authorized. The Court is therefore inclined to grant habeas relief in the form of Petitioner's release from immigration custody. *See* 28 U.S.C. § 2241(c)(3).

Before doing so, however, the Court will afford Respondents an opportunity to address whether any statutory authority exists for Petitioner's continued detention following the grant of asylum.

IT IS THEREFORE ORDERED that Respondents shall, **by close of business on February 2, 2026**, file a response addressing the effect of Petitioner's grant of asylum on the statutory basis for his continued detention. Failure to identify a lawful basis for continued custody may result in the Court ordering Petitioner's immediate release.

**IT IS SO ORDERED.**

/s/ _____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE