IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KAMYAR SAREMISHAHAB,**

    Petitioner,

v.                                                  Case No. 2:25-cv-00756-WJ-JMR

**DORA CASTRO,** Warden, Otero County Processing Center;
**MARY DE ANDA-YBARRA,** Director,
El Paso Field Office,
U.S. Immigration and Customs Enforcement;
**KRISTI NOEM,** Secretary of the
U.S. Department of Homeland Security; and
**PAM BONDI,**
Attorney General of the United States,
in their official capacities.

## ORDER DIRECTING RESPONDENTS TO APPRISE COURT OF DECISION TO APPEAL AND RESERVING RULING PENDING FURTHER RECORD DEVELOPMENT

THIS MATTER comes before the Court upon Petitioner's Notice of Supplemental Facts **[Doc. 44]** and Federal Respondents' Response to the Court's Amended Order for Response to Supplemental Facts **[Doc. 47]**. Petitioner remains in pre-removal detention, despite a January 23, 2026, immigration court order granting Petitioner's application for asylum, and, alternatively, withholding from removal. **[Doc. 44-1 at 2–3]**.

This Court indicated in a January 29, 2026, Order that it was inclined to grant a writ of habeas corpus directing Petitioner's release on the ground that the grant of asylum appeared to have dissolved the statutory basis for his pre-removal detention. **[Doc. 46]**. The Court also requested a response from Respondents addressing the statutory basis for Petitioner's continued detention. **[*Id.*]**

In their response, the federal Respondents concede that "a final order granting asylum

would result in Petitioner's release from detention." **[Doc. 47 at 1]**. Federal Respondents also advise that although an immigration judge entered a decision granting Petitioner relief from removal, that order is not yet final because it has not been affirmed by the Board of Immigration Appeals and the time to appeal has not expired. Respondents have reserved their right to appeal and have until February 23, 2026, to do so. **[*Id.*]**

Thus, the immigration court's January 23, 2026, order is not yet final, and the statutory basis for Petitioner's detention depends on whether DHS elects to pursue an appeal. The Court therefore concludes that immediate adjudication of the habeas petition on the existing record would be premature, as the relief sought may soon be mooted by intervening developments.

Accordingly, Respondents shall notify the Court promptly, and in no event later than **three (3) days** after a decision is made, whether DHS intends to appeal the immigration judge's January 23, 2026, order. In the event DHS elects to pursue an appeal, Respondents shall file a response to the habeas petition within **fourteen (14) days** of filing the notice of appeal or before March 6, 2026—whichever deadline is sooner— unless otherwise ordered by the Court.[1]

The Court will reserve ruling on the habeas petition pending further record development.

**IT IS SO ORDERED.**

/s/
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] In their response, **[Doc. 47]**, Respondents assert that they need not respond to the habeas petition until March 6 because this Court previously imposed a show cause deadline of 45 days after proper service and Respondents contend they were not properly served until January 20, 2026. The Court does not resolve that service dispute here and sets the foregoing deadline to ensure timely development of the record in light of the potentially ongoing detention at issue.